

**GrossShuman**
Brizdle & Gilfillan, P.C.
ATTORNEYS AT LAW

Hugh C. Carlin, Esq., Shareholder
Email:  hcarlin@gross-shuman.com
716.854.4300 x 240

October 23, 2015

Hon. Jeremiah J. McCarthy
United States Magistrate Judge
United States District Court
2 Niagara Square, Suite 640
Buffalo, NY  14202-3350

      Re:    Cliffstar Corporation v. Alpine Foods, LLC ("Alpine") and
              Jensen Cranberry Bogs, Inc. ("Jensen")
              Case No. 09-cv-690

Dear Magistrate Judge McCarthy:

       Pursuant to the Court's text order of October 14, 2015 [Dkt. No. 266], this letter is submitted on behalf of Defendant, Jensen Cranberry Bogs, Inc. ("Jensen") to address the issue of whether Defendant, Alpine Foods, LLC ("Alpine") may designate and rely upon the entire deposition transcript of Gary Jensen.  As stated in the telephone conference with the Court earlier that day, Jensen objects to any further designation of Gary Jensen's deposition testimony except in the narrow instance agreed to by the parties at trial and as explained below.

       In leading up to this trial, the parties previously agreed to waive any objection under Local Rule 16(e) as to the timeliness of deposition testimony designations in the event a party witness whose testimony had not been designated became unavailable to testify at trial. [Dkt No. 216 at page 2].  Local Rule 16(e)(2) requires a party, no later than fourteen (14) days prior to the final pretrial conference, to serve upon opposing counsel designations of deposition testimony  it intends to offer as evidence at trial.  Both Jensen and Alpine submitted designations of deposition testimony from both party and non-party witnesses in accordance with Local Rule 16(e)(2) [Dkt. No. 198; Dkt. No. 216].  Alpine did not designate testimony from Mr. Jensen.

       Before and during trial, Alpine and Jensen made clear their respective intentions to designate party and non-party testimony of unavailable witnesses following the close of proof at trial.  However, no such intention was expressed with respect to the testimony of a party who appeared at trial and testified – namely, Mr. Jensen. Moreover, with respect to Mr. Jensen, the parties made a clear and unambiguous record before the Court as to the limit on any further post-trial designation of his deposition testimony.

       As the Court may recall, Mr. Jensen was the only live witness at the trial.  For reasons unexplained on the record, Alpine presented no testimony from its representatives in support of its case in chief or in rebuttal to Jensen's case.  By contrast, Mr. Jensen was requested to take the stand at trial on three (3) separate occasions.

465 Main Street
Suite 600
Buffalo, New York 14203-1787
716.854.4300
866.893.2003
Fax: 716.854.2787

1100 Burloak Drive, Suite 300
Burlington, Ontario,
Canada L7L 6B2
416.221.5600
905.336.8957
Fax: 905.332.3007

Not for Mail or Service of Papers.
By Appointment Only:
5500 Main Street
Suite 308A
Williamsville, New York 14221

www.gross-shuman.com

Honorable Jeremiah J. McCarthy
October 23, 2015
Page 2

Called once by Jensen on its case in chief, Mr. Jensen was requested by Alpine to retake the stand on two (2) additional occasions.  Alpine, having completed its cross examination of Mr. Jensen at the close of the first day of trial [Tr. at 162/10-11], moved, at the beginning of the second day of trial, to reopen its cross examination [Tr. 171/21-24] to ask Mr. Jensen some additional questions.  The Court granted such motion [Tr. 173/1-7].   At the conclusion of Mr. Jensen's testimony on the morning of September 17, 2015, the Court noted that "[w]e've had direct, cross, redirect, recross.  I think that's where we stop other than I have one question…" [Tr. 207-9-11].

Thereafter, Jensen proceeded to offer into evidence and read into the record some previously designated deposition testimony of a Cliffstar representative following which Jensen rested its case subject to additional deposition testimony from previously designated witnesses.

Alpine then proceeded to present its case in chief which took up the remainder of the second day of trial.  Proof was not closed at the end of the second day of trial as Alpine wanted to consider presenting testimony of Mr. Moody (purportedly a rebuttal witness), a 50 percent owner in Alpine with virtually no knowledge whatsoever of the events relevant to the issues in this case.  On the third day of trial, Alpine declined to call Mr. Moody [Tr. 338/14-17].  However, Alpine called Mr. Jensen.  Over Jensen's objection, Alpine was permitted to call Mr. Jensen on its case in chief and without limit as to the scope of his examination. [Tr. 338/22-340/1].

At the conclusion of his third and final examination of Mr. Jensen, Alpine's counsel moved into evidence pages 172, 197 and 198 of Mr. Jensen's deposition.  Counsel expressly stated his proffer was limited "to the pages from which we have - - from which I have asked him to read, and in fairness, subject to whatever other pages Mr. Carlin thinks are necessary for context".  [Tr. 346/1-4].

In making expressly clear the limits on the offering into evidence any further portions of Mr. Jensen's deposition transcript, the following colloquy took place between the Court and counsel:

| | |
|---|---|
| The Court: | First your objecting, but if I overrule your objection, which is probably pretty likely, then you - - reason being this is a deposition of an adverse party that can be utilized by Alpine for any reason, so it seems to me those portions should come in subject to your right to put in clarifying or whatever other deposition testimony you wish that relates to that subject. |
| | Now, just so the record is clear, though, are you going to mark those pages because I don't want the whole transcript. |
| Mr. Bloomberg: | I don't want to give it to you…. |
| | *    *    * |
| Mr. Carlin: | If I may suggest because rather than going through 200 pages of transcript right now, that we just have the opportunity in our post-trial submissions to identify any additional Jensen testimony related to the subject to put in. |

Honorable Jeremiah J. McCarthy
October 23, 2015
Page 3

| | |
|---|---|
| Mr. Bloomberg: | I would ask only, Your Honor, it being done before we close the record so at least I know writing my brief what pages you are going to counter-designate. |
| Mr. Carlin: | That's fair enough. |

[Tr. 346/9-19; 347/6-14]

The Court and counsel went on to settle the record as to the actual pages being introduced and received into evidence.  Ultimately, those pages included pages 172, 197 and 198 of Mr. Jensen's deposition transcript which had been marked solely for identification purposes as Alpine Ex. 7. [Tr. 351/18-19].  Once settled, Alpine rested subject to deposition designations that were to be presented in transcript form rather than via live reading in Court.  [Tr. 351/20-22].

Any notion or argument that Alpine counsel's reference to deposition designations was intended to encompass any further deposition testimony of Mr. Jensen is readily dispelled by reference to the immediately following  proceedings:

| | |
|---|---|
| The Court: | Now, Mr. Bloomberg subject to that had rested his case in chief.  Do you have any rebuttal that you wish to offer today to his case in chief? |
| Mr. Carlin: | I'd like to confer with my esteemed co-counsel,  Mr. Torcello, in the hall for five minutes and I'll come back and let the Court know one way or the other.  If I do it will be very brief. |

*     *     *

| | |
|---|---|
| The Court: | Back on the record.  Mr. Carlin? |
| Mr. Carlin: | Your Honor, we have nothing to offer in terms of live testimony for rebuttal.  We certainly will be submitting either additional excerpts from Mr. Jensen as we discussed earlier this morning and any additional - - there may be additional deposition excerpts just as we talked about submitting as well that we'll designate. |
| The Court: | So for purposes of today's proceeding, there will be no further evidence offered today, correct? |
| Mr. Bloomberg: | That is correct, Your Honor, but may I respond briefly to what Mr. Carlin said?  I'd like to at least reserve the right to cross-designate if Mr. Carlin is going to go beyond those couple of questions or at least the topics of those couple of questions. |
| The Court: | You reserve the right to attempt to do so. |

Honorable Jeremiah J. McCarthy
October 23, 2015
Page 4

          Mr. Bloomberg:        That's what I understood reserve the right meant, Your Honor.

[Tr. 352/14-20; 353/2-19].

      The foregoing discussions with the Court made it abundantly clear that any further designation of Mr. Jensen's deposition testimony by Alpine would be conditioned on Jensen's designation of any pages that "in fairness should be considered with the part introduced" by Alpine. See, F.R.Civ.P. 32(a) (6). Accordingly, if and only if Jensen makes any such designations, would Alpine have the right to counter-designate additional testimony and nothing more beyond that which "in fairness should be considered with the part introduced" by Jensen.

      The record is clear that only after Alpine completed its examination of Mr. Jensen, introduced into evidence pages 172, 197 and 198 of his deposition transcript, and rested, that Jensen advised the Court it would not be presenting any further live testimony on rebuttal. To permit Alpine to further designate deposition excerpts of Mr. Jensen works undo and unfair prejudice on Jensen, and is inconsistent with trial procedure and the representations made in open court by counsel. The courses charted at trial by both Alpine and Jensen can only be viewed as deliberate and in reaction to the presentations of their respective opponents. Any attempt by Alpine to introduce and rely upon additional deposition testimony of Mr. Jensen after it rested and after Jensen determined not to present live rebuttal testimony should not be countenanced.

      Based on the foregoing, Jensen respectfully requests that the Court issue a ruling precluding Alpine from designating any further deposition testimony of Gary Jensen except to the extent Jensen identifies any deposition testimony related to the testimony found at pages 172, 197 and 198 of Mr. Jensen's deposition transcript, and in such instance, confined to the permissible designations under Rule 32(a)(6).

      Thank you for your consideration in this matter.

                      Respectfully submitted,

                      GROSS, SHUMAN, BRIZDLE &
                        GILFILLAN, P. C.

                      By: /s/ Hugh C. Carlin
                          Hugh C. Carlin, Esq.
                      *Attorneys for Defendant*
                      *Jensen Cranberry Bogs, Inc.*

HCC/mp

cc :    Edward S. Bloomberg, Esq.  *(Via Email: ebloomberg@phillipslytle.com)*
       Amanda L. Lowe, Esq.     *(Via Email: ALowe@phillipslytle.com)*
       Trevor M. Torcello, Esq.