**Phillips Lytle** LLP

**Via E-Filing**

Hon. Jeremiah J. McCarthy
United States District Court
2 Niagara Square, Suite 640
Buffalo, New York 14202

October 27, 2015

Re:   Cliffstar Corporation v. Alpine Foods, LLC and Jensen Cranberry Bogs, Inc.
      09-cv-690

Dear Judge McCarthy:

Pursuant to this Court's October 14, 2015 text order, please allow this letter to serve as the response by Alpine Foods, LLC ("Alpine") to the October 23, 2015 letter brief filed by Jensen Cranberry Bogs, Inc. ("Jensen").

As Jensen noted, both parties designated deposition selections in June 2014, when the case was set to be heard as a jury trial before the Hon. Richard Arcara. [Dck. 198, 216]. However, as Jensen will recall, Jensen thereafter settled its lawsuit with Cliffstar Corporation and the remaining parties (Jensen and Alpine) agreed to proceed forward as a bench trial before this Court. The parties were provided with an opportunity to revise their deposition selections, which the parties did on multiple occasions (including before, during and after trial), which involved multiple meetings between counsel for Jensen and Alpine.

Jensen does not cite to a single case supporting its conclusion that Alpine is barred from designating President Gary Jensen's deposition in its entirety for use both in Alpine's case-in-chief and in opposition to Jensen's breach of contract claim.

Jensen provides no analysis of Federal Rule of Civil Procedure 32(a)(3) and does not explain why Rule 32(a)(3) would not apply under the circumstances. In fact, Jensen's brief does not refer to Rule 32(a)(3) at all. As discussed in Alpine's October 23, 2015 submission, it is irrelevant whether Gary Jensen was available to, or did, testify at trial. Similarly, it is irrelevant whether Gary Jensen testified in support of either party's case-in-chief or on cross-examination. *See Capital Records, Inc. v. MP3tunes, LLC*, 2014 WL 503959 (S.D.N.Y. Jan. 29, 2014) (pursuant to Rule 32(a)(3), denying defendant's motion

ATTORNEYS AT LAW

EDWARD S. BLOOMBERG, PARTNER   DIRECT 716 847 7096   EBLOOMBERG@PHILLIPSLYTLE.COM

ONE CANALSIDE   125 MAIN STREET   BUFFALO, NY 14203-2887   PHONE 716 847 8400   FAX 716 852 6100

NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | WASHINGTON, DC | CANADA: WATERLOO REGION | PHILLIPSLYTLE.COM



to preclude plaintiffs from introducing the defendant's deposition testimony in plaintiffs' case-in-chief, regardless of the fact that the defendant would be testifying live in plaintiffs' case-in-chief).

Jensen states in a conclusory fashion that it "works undo and unfair prejudice on Jensen" to allow the introduction of Gary Jensen's deposition testimony and that Jensen would not be able to submit any additional "live rebuttal testimony."[1] Jensen does not discuss what (if any) "live rebuttal testimony" it is referring to. We do not understand what Jensen means when it claims that it can no longer submit testimony **to rebut** the sworn statements of its President, Gary Jensen. In any event, there can be no surprise to Jensen regarding the contents of Gary Jensen's deposition testimony, which was taken over four years ago.

Thank you for your consideration.

Respectfully,

Phillips Lytle LLP

By *[signature]*

Edward S. Bloomberg

GG/all

cc.    Hugh Carlin, Esq. and Trevor Torcello, Esq. (via e-filing)

Doc #01-2899652.1

---

[1] Jensen does not claim that it cannot (or will not) be submitting additional deposition testimony.