

**GrossShuman**
Brizdle & Gilfillan, P.C.
ATTORNEYS AT LAW

Hugh C. Carlin, Esq., Shareholder
Email: hcarlin@gross-shuman.com
716.854.4300 x 240

October 27, 2015

Hon. Jeremiah J. McCarthy
United States Magistrate Judge
United States District Court
2 Niagara Square, Suite 640
Buffalo, NY  14202-3350

    Re:    Cliffstar Corporation v. Alpine Foods, LLC ("Alpine") and
              Jensen Cranberry Bogs, Inc. ("Jensen")
              Case No. 09-cv-690

Dear Magistrate Judge McCarthy:

       This letter is submitted in reply to the letter brief submitted by Alpine on October 23, 2015 [Dkt. 267], and in accordance with the Court's Text Order of October 14, 2015 [Dkt. 266].

       The issue before the Court relates to the timing of Alpine's notice that it intended to designate the entire transcript of Gary Jensen for use in its post-trial submissions. Alpine's reliance on and reference to case law relating to the availability or unavailability of a witness, is irrelevant to that issue. Alpine's timing, intentionally or unintentionally, deprives Jensen of the ability to mount a rebuttal to Alpine's supplemented case in chief. Had Alpine informed Jensen or the Court of its intention to designate further deposition testimony of Gary Jensen, beyond the designations expressly discussed with the Court, Jensen would have insisted on such designation being made on Friday, September 18, 2015 so as to retain the full right of rebuttal evidence under the rules of trial. Alpine, before and during trial made no mention of its intention to designate portions of Mr. Jensen's deposition testimony beyond pages 172, 197 and 198 of the deposition transcript. Moreover, the colloquy between counsel and the Court makes clear that Alpine understood the extent of the designations, and expressed the exact opposite of what it now intends to do [Tr. 346/16-20].

       In its letter, Alpine fails to address its submission of its Local Rule 16(e)(2) statement, and its utter failure to designate any portion of Mr. Jensen's transcript in accordance therewith. Alpine had sufficient time before and during trial to make its intentions concerning the designation of Mr. Jensen known. In fact, Alpine did this with <u>all</u> other designations from party and non-party witnesses. Moreover, the Court will recall that the parties conferred and discussed the designation of witnesses prior to the close of trial. Alpine made no mention of its intent to designate testimony from Mr. Jensen at that time. Based on such representations, and after Alpine's representations that it had rested, Jensen decided to put forth no additional evidence in rebuttal [Tr. 352/14-20; 353/2-19]. Alpine's "waiver" argument taken to full conclusion results in the unknowing waiver of

465 Main Street
Suite 600
Buffalo, New York 14203-1787
716.854.4300
866.893.2003
Fax: 716.854.2787

1100 Burloak Drive, Suite 300
Burlington, Ontario,
Canada L7L 6B2
416.221.5600
905.336.8957
Fax: 905.332.3007

Not for Mail or Service of Papers.
By Appointment Only:
5500 Main Street
Suite 308A
Williamsville, New York 14221

www.gross-shuman.com

Honorable Jeremiah J. McCarthy
October 27, 2015
Page 2

Jensen's right to proffer evidence at trial in rebuttal to Alpine's case in chief. Alpine charted its "waiver" by either remaining silent or not clarifying its intention when the subject of further designation of Jensen deposition testimony was discussed [Tr. 346/16-20].

Accordingly, Jensen requests that the Court sustain Jensen's objection to Alpine's proposed designation of additional deposition testimony of Mr. Jensen.

Respectfully submitted,

*[signature]*

Hugh C. Carlin, Esq.

HCC/rar
cc:   Edward S. Bloomberg, Esq.   *(Via Email: ebloomberg@phillipslytle.com)*
      Amanda L. Lowe, Esq.        *(Via Email: ALowe@phillipslytle.com)*

Doc #456106.4