UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLIFFSTAR CORPORATION,                                    **DECISION AND ORDER**

                Plaintiff,

                                            09-CV-00690-JJM

v.

ALPINE FOODS, LLC and
JENSEN CRANBERRY BOGS, INC.,

                Defendants.
_____

        Familiarity with the background and status of this case is presumed. Before me is the motion by defendant Alpine Foods, LLC ("Alpine") to submit into evidence the entire June 16, 2011 deposition transcript of Gary Jensen, the president of defendant Jensen Cranberry Bogs, Inc. ("Jensen") [267]. Having reviewed the parties' Letter Briefs [267-270],[1] the motion is denied.

**ANALYSIS**

        Fed. R. Civ. P. ("Rule") 32(a)(3) states that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer". Alpine argues that because Gary Jensen is Jensen's president, Rule 32(a)(3) allows it to offer his deposition into evidence even though he also testified at trial. Alpine's Letter Briefs [267, 269].

        While that may be true as a general proposition, "parties to a civil dispute are free to chart their own course", Katzman v. Helen of Troy Texas Corp., 2013 WL 1496952, *4 (S.D.N.Y. 2013), and in this case the parties agreed prior to trial that the deposition of a party

---

      [1]      Bracketed references are to CM/ECF docket entries.

witness could be offered only if that witness did not testify at trial. *See* Alpine's Pretrial Brief [255], Point VI, p. 10 ("[b]ased on our discussion with Jensen's counsel, we believe Gary Jensen and Jonathan Smith will both appear in person at trial. *If either of them does not*, counsel has agreed (subject to the Court's approval) that their deposition testimony may be introduced in lieu of in-person testimony" (emphasis added)); Jensen's Pretrial Submission [216], p. 2 ("[t]he parties have conferred as to deponents that are anticipated to be made available at trial, and agree that there is no reason to designate testimony of those deponents. The parties agree that, in the event an unforeseen circumstance arises in which a witness becomes unavailable, no objection will be raised as to timeliness of the designation of testimony").

In fact, Mr. Bloomberg referred to that agreement on the first day of trial: "Your Honor, we submitted to the Court in our pretrial statement . . . that if either of them, that is, Gary Jensen or Jonathan Smith, does not appear, counsel has agreed, subject to the Court's approval, that their deposition testimony may be introduced in lieu of in-person testimony. The pretrial statement of Jensen Cranberry is a little more equivocal, but does not disagree with that statement and say[s] the parties agree that in the event . . . an unforeseen circumstances arises in which a witness becomes unavailable, no objection will be raised as to timeliness of the designation of testimony." September 16, 2015 Trial Transcript [262], pp. 5-6.

After cross-examining Mr. Jensen in connection with Jensen's case-in-chief, on the third day of trial Mr. Bloomberg asked to recall Mr. Jensen to testify in connection with Alpine's case-in-chief. September 18, 2015 Trial Transcript [264], p. 338. Over Jensen's objection, I allowed him to do so. Id., p. 339. Mr. Bloomberg then proceeded to question Mr. Jensen (id., pp.340-45) referring him to certain pages of his deposition transcript. At the

conclusion of that testimony, Alpine offered into evidence "the transcript of Mr. Jensen's deposition only with respect to the pages from which we have . . . asked him to read" (id., pp. 345-46), and those three pages were admitted into evidence.  Id., p. 351.  It was clear, however, that Alpine did not intend to offer the entire transcript:

> THE COURT:	"Now, just so the record is clear, though, are you going to mark those pages because I don't want the whole transcript.
>
> MR. BLOOMBERG:  I don't want to give it to you".

Id., p. 346.

In any event, L.R.Civ.P. 16(e)(2) requires that "a list of any deposition testimony to be offered in evidence" be submitted not later than 14 days before the final pretrial conference. The parties agreed that this requirement would be waived only "in the event an unforeseen circumstance arises in which a witness becomes unavailable".  Jensen's Pretrial Submission [216], p. 2; September 16, 2015 Trial Transcript [262], pp. 5-6.  Since Mr. Jensen was not "unavailable", Alpine was required to make a timely pretrial designation of his deposition testimony if it wished to offer that testimony into evidence, and it failed to do so.

Alpine argues that "there can be no surprise to Jensen regarding the contents of Gary Jensen's deposition testimony, which was taken over four years ago".  Alpine's October 27, 2015 Letter Brief [269], p. 2.  Whether or not that is true, since Alpine has failed to offer a satisfactory reason to relieve it from the parties' pretrial agreement regarding the use of party depositions, it is bound by that agreement.

**CONCLUSION**

For these reasons, Alpine's motion for leave to introduce the entirety of Gary Jensen's deposition testimony into evidence [267] is denied. The deadline for the parties' supplemental deposition designations, which had been held in abeyance pending this decision [266], is rescheduled to November 6, 2015, and the other deadlines of my September 18, 2015 Text Order [261] remain in effect.

**SO ORDERED.**

Dated: October 28, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge